UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:

PAUL WEINTRAUB,

    Plaintiff,

v.

THE TIDES ON HOLLYWOOD BEACH
CONDOMINIUM ASSOCIATION, INC.,

    Defendant.

_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, PAUL WEINTRAUB (hereinafter "Plaintiff"), by and through undersigned counsel, sues Defendant, THE TIDES ON HOLLYWOOD BEACH CONDOMINIUM ASSOCIATION, INC. ("Defendant" or "THE TIDES"), for injunctive relief pursuant to 42 U.S.C. § 12181 *et seq.* (hereinafter "AMERICANS WITH DISABILITIES ACT" or "ADA") and the ADA Accessibility Guidelines 28 C.F.R. Part 36 (hereinafter "ADAAG"), and alleges:

### JURISDICTION AND VENUE

1. This is an action for declaratory and injunctive relief brought pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*. This Court is vested with original jurisdiction over this dispute pursuant to 28 U.S.C. § 1331 and § 1343.

2. Venue lies in this Court pursuant to 28 U.S.C. § 1391 and Rule 3.1 of the Local Rules of the United States District Court for the Southern District of Florida, in that the transaction or occurrence giving rise to this cause of action occurred in Broward County, Florida.

### THE PARTIES

3. At all times material hereto, Plaintiff, PAUL WEINTRAUB, was and is over the age of 18 years, *sui juris*, a resident of Broward County, Florida, and the owner of a condominium unit within the TIDES ON HOLLYWOOD BEACH CONDOMINIUM TOWERS.

4. At all times material hereto, Plaintiff has suffered from a qualified disability under the ADA; Plaintiff is paraplegic and has no use of his legs, and limited strength within his arms.

5. At all times material hereto, Defendant, THE TIDES ON HOLLYWOOD BEACH CONDOMINIUM ASSOCIATION, governed that certain condominium building located at 3801 South Ocean Drive, in Hollywood, Florida (the "Subject Property").

6. The Subject Property has at all material times been operating as a place of public accommodation as that term is defined by Title III of the ADA; specifically, the Subject Property is available for short term rentals commensurate with rental accommodations available at hotel properties.  Any member of the general public may book a short term stay at the subject property through any number of hotel or travel booking websites on the Internet, and through other such similar means.  A sampling of such short term hotel-like rental offerings on travel websites is attached as Composite Exhibit "A".  Accordingly, Defendant is a place of public accommodation under the Americans with Disabilities Act, and is required to comply with the ADA and ADAAG to the full extent required by law.

7. Prior to the institution of this litigation, in 2005, Plaintiff purchased a unit in the Defendant condominium association.  However, Plaintiff's access to the Subject Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages, and/or accommodations offered to the public therein, has been restricted and/or limited as a result of his disabilities.  Unless and until Defendant is compelled to remove the physical barriers to access and ADA violations present within and upon the common areas of the Subject Property, Plaintiff will continue to be discriminated against.

## COUNT I:
## VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

8. Plaintiff reavers and re-alleges the allegations set forth in Paragraphs 1 through 7 above, as though fully set forth herein.

9. On July 26, 1990, Congress enacted the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*.

10. Congress specifically found, *inter alia*, that:[1]

    (i)   Some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

    (ii)  Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

    (iii) Discrimination against individuals with disabilities persists in such critical areas of employment, housing, public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

    (iv)  Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and,

---

[1] 42 U.S.C. § 12101(a)(1) – (3), (5), and (9).

3

(v) The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

11. Congress explicitly set forth the purpose of the ADA; to wit:[2]

    (i) Provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii) Provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii) Invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

12. The congressional legislation gave places of public accommodation a time period of up to one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[3]

13. The Subject Property is a public accommodation and a service establishment by virtue of the fact that it offers or allows to be offered short term lodging, in exactly the same manner as is offered at hotels and motels, with such on rentals being made, inter alia, through travel websites and other such hotel and vacation booking formats.

---

[2] 42 U.S.C. § 12101(b)(1)(2) and (4).
[3] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

14. Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA (the "ADAAG").[4]

15. Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000.00 or less).[5]

16. The Subject Property is legally required to be, ***but is not***, in compliance with the ADA and ADAAG.

17. Such non-compliance includes the following:

    (a) Failure to provide a means of entry at the pool as required for persons with disabilities such as a pool lift chair, slopped entry, transfer wall, or transfer platform.

    (b) Means of ingress and egress from the public beach areas onto the Subject Property are not ramped, include unlawful vertical changes in elevation (stairs without ramps), noncompliance with surface requirements for access aisles or accessible paths of travel, and other violations of the ADA and ADAAG.

    (c) Plaintiff has encountered barriers to access throughout the Subject Property, including the entryway, lobby, and pool area, which shall be more specifically identified during the course of the discovery.

18. Plaintiff has repeatedly attempted to access the areas identified herein, and spends a good deal of his time at the Subject Property, but has been precluded from fully and properly and equally accessing the Subject Property because of his disabilities. And will continue to be so precluded until such time as the Subject Property complies with its obligations under the

---

[4] 29 C.F.R. Part 36.
[5] 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

ADA and ADAAG. Indeed, Plaintiff is an owner at the Subject Property, and is frequently present at the Subject Property, and will continue to be frequently present at the Subject Property (multiple times per year), into the future.

19. As a result of the foregoing, Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Subject Property. Defendant's discrimination is specifically prohibited by 42 U.S.C. § 12182, *et seq*.

20. Moreover, Defendant will continue to discriminate against Plaintiff and others with disabilities unless and until it is compelled by this Court to remove all physical barriers upon the Subject Property which violate the ADA and ADAAG, including but not limited to those specifically set forth herein, and to make the Subject Property accessible to and usable by persons with disabilities, including Plaintiff.

21. Plaintiff is without adequate remedy at law, and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions, and ADA violations that exist upon the Subject Property, including but not limited to those set forth herein.

22. This Court is vested with authority to grant injunctive relief sought by Plaintiff herein, including entry of an order requiring alteration and modification of the Subject Property so as to make readily accessible to and useable by individuals with disabilities to the extent required by ADA and ADAAG.

23. Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay counsel reasonable attorney's fees, costs, and litigation expenses, all of which are recoverable from the Defendant.[6]

WHEREFORE for the foregoing reasons, Plaintiff, PAUL WEINTRAUB, respectfully requests that this Court enter an order granting permanent injunctive relief, enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and to alter the Subject Property so as to make it readily accessible to and useable by individuals with disabilities, and awarding Plaintiff all reasonable attorney's fees, litigation expenses, and costs.

Respectfully Submitted,

**Law Offices of Nolan Klein, P.A.**
*Attorneys for Plaintiff*
Wells Fargo Tower - Suite 1500
One East Broward Blvd.
Ft. Lauderdale, Florida 33301
PH:     (954) 745-0588

By:   */s/ Nolan K. Klein*
       NOLAN K. KLEIN
       Florida Bar No. 647977
       klein@nklegal.com
       amy@nklegal.com

---

[6] 42 U.S.C. §§ 12205, 12117.